UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Daniel R. Bruns, et al.,                            Case No. 3:19-cv-1069

         Plaintiffs

     v.                                        MEMORANDUM OPINION
                                                        AND ORDER

Horter Investment Management, LLC,

         Defendant

         Defendant Horter Investment Management, LLC is an Ohio limited liability company registered as an investment adviser with the Securities and Exchange Commission. Jeffrey L. Wendel was a registered investment representative at Horter. In his capacity as such, Wendel recommended and sold various securities to Plaintiffs. Plaintiffs now claim Wendel did so negligently, recklessly, or intentionally as these were not good investments but were being sold in violation of state and federal securities registration and disclosure laws.

         When making these investments, Plaintiffs signed a Client Agreement, which states,

> [Plaintiff] and [Defendant] both agree that all controversies which may arise between them concerning any transaction or construction, performance or breach of this agreement that cannot be settled, be submitted to binding arbitration in accordance with the rules, then in effect, of the American Arbitration Association [("AAA")]. Client and Advisor agree that any such arbitration would be venued in Cincinnati, Ohio. All awards rendered by the arbitrators shall be final and judgment upon award may be entered in any court of competent jurisdiction. This Agreement is not intended to limit any right the Client may have under any provision of state and federal securities laws.

(*See, e.g.*, Doc. No. 13-1 at 4). When Plaintiffs learned of Wendel's allegedly illicit conduct, Plaintiffs' counsel advised Defendant's counsel of Plaintiffs desire to pursue arbitration through the Financial

Industry Regulatory Authority ("FINRA") and ask whether Defendant was "willing to arbitrate these claims before FINRA instead of AAA." (Doc. No. 18-2 at 2). Defendant agreed to resolve the matter via arbitration outside of the AAA but would not agree to FINRA. (Doc. No. 18-1 at 2). Plaintiffs indicated they were not opposed to private mediation. (*Id.*).

After agreeing to pursue arbitration, counsel for both parties discussed the logistics of this arbitration over the course of several months. (Doc. Nos. 18-4, 18-5, 18-6, 18-7, & 18-8). It appeared that the two were nearing a compromise. Both parties had agreed to conduct one consolidated arbitration before a three-arbitrator panel and were beginning to discuss who these three arbitrators would be. Then, Plaintiffs abruptly changed course.

On May 7, 2019, Plaintiffs' counsel sent two separate correspondences within fifteen minutes of one another. (Doc. Nos. 18-9 & 18-10).

In the first, Plaintiffs' counsel advised that Plaintiffs desired to arbitrate the claims before the AAA and would be filing an action in court compelling Defendant to do so. (Doc. No. 18-9). The remainder of the letter contradicted this desire, stating that Plaintiffs were still interested in pursuing private mediation and proposing terms of this proposed private mediation. (*Id.*).

The second correspondence was sent approximately fifteen minutes later, before Defendant responded to the first. (Doc. No. 18-10). In the second, Plaintiffs' counsel demanded Defendant arbitrate the claims before the AAA and advised that he would send Defendant's counsel a draft of the arbitration claim the following day. (*Id.*).

Confusingly, in both of these correspondences, Plaintiffs' counsel advised of Plaintiffs' preference for splitting up the Plaintiffs individually or in smaller group, even though he previously requested a "one group arbitration" since "[i]t makes no sense to try 12-15 separate cases…before the same arbitrator." (*Compare* Doc. No. 18-5 at 2 *with* Doc. Nos. 18-9 & 18-10).

On May 13, 2019, Defendant's counsel responded. (Doc. No. 18-11). In this letter, Defendant's counsel first stated that, contrary to Plaintiffs' counsel's assertions, Defendant "ha[d] never refused to arbitrate before the AAA." (*Id.* at 2). He clarified that Defendant had "only refused to universally waive a valid venue selection clause in its client agreements," which had previously resulted in the AAA's refusal to administer arbitrations involving Defendant. (*Id.*). That said, Defendant's counsel advised that Plaintiffs were "welcome to file a demand for arbitration with AAA." (*Id.*).

The same day Defendant's counsel sent the letter, Plaintiffs filed this suit. (Doc. No. 1). Plaintiffs filed a motion to compel arbitration or appoint arbitrators on June 26, 2019, (Doc. No. 9), but did not file their claim with the AAA until July 5, 2019. (Doc. No. 13-13 at 6). On July 18, 2019, the AAA issued a letter to the parties refusing to arbitrate the matter because of Defendant's non-compliance in a previously-filed consumer matter and failure to comply with AAA rules. (Doc. No. 18-13).

After the AAA declined to perform the arbitration, Plaintiffs filed the First Amended Complaint listing those claims that it wishes to arbitrate before the AAA. (Doc. No. 13-13). Plaintiffs do not request that I adjudicate these underlying claims, but instead compel arbitration of these claims before the AAA. (*Id.* at 6). Essentially, Plaintiffs request I compel Defendant to comply with AAA rules so that this dispute may be arbitrated before the AAA and then order AAA to arbitrate this dispute, even though it has already refused.

Defendant moved to dismiss this First Amended Complaint for lack of subject matter jurisdiction. (Doc. No. 18). In response to Defendant's motion, Plaintiffs filed a motion for leave to file a Second Amended Complaint. (Doc. No. 27). In the proposed Second Amended Complaint, all Plaintiffs' individual claims are the same as each of the claims asserted in its AAA Statement of the Claim. (Doc. No. 27-1). Though Plaintiffs delineated the causes of action in the

3

proposed Second Amended Complaint, Plaintiffs seek the same relief: an order compelling Defendant to arbitrate. Defendant asserts I lack jurisdiction to compel arbitration.

The Federal Arbitration Act provides that,

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. … The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed.

9 U.S.C. § 4. The Sixth Circuit has held that, pursuant to this section, "where the parties have agreed to arbitrate in a particular forum, only a district court in that forum has jurisdiction to compel arbitration." *Mgmt. Recruiters Int'l, Inc. v. Bloor*, 129 F.3d 851, 854 (6th Cir. 1997). In this case, the Client Agreements provide for "arbitration [to] be venued in Cincinnati, Ohio." (*See, e.g.*, Doc. No. 13-1 at 4). Therefore, jurisdiction to compel arbitration lies in the Southern District of Ohio.[1]

Plaintiffs urge me to stay the case until they can move for an order to compel in the proper jurisdiction. (Doc. No. 33 at 24-26). But because it is undisputed that all of the claims are subject to arbitration, they may be dismissed. *See, e.g.*, *Milan Exp. Co., Inc. v. Applied Underwriters Captive Risk Assurance Co., Inc.*, 590 F. App'x 482, 486 (6th Cir. 2014) (citing cases). Further, because the Client Agreements do not provide that a judgment of arbitration award be entered in the Northern District of Ohio, the application for such a judgment must be made in the district where the arbitration

---

[1] Plaintiffs argue that, even though I cannot compel arbitration under the FAA, I can do so under Ohio law. (Doc. No. 33 at 24). But the Ohio Revised Code grants jurisdiction to Ohio courts of common pleas to compel arbitration. O.R.C. § 2711.03(A). This section has no bearing on the jurisdiction of federal district courts. *See, e.g.*, *Huntley v. Ohio Ass'n of Pub. Sch. Emps.*, 508 F. App'x 361, 365 (6th Cir. 2012) (Table). Therefore, I reject this argument.

award was made.  9 U.S.C. § 9.  Again, pursuant to the forum selection clause, jurisdiction to issue a judgment of such an award lies in the Southern District of Ohio.

Accordingly, I find no reason to maintain this action in the Northern District of Ohio.  But, rather than dismiss this action, in the interest of justice, I hereby transfer this case to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge